UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERRANCE MOSS,

                                      Plaintiff,            Case # 18-CV-365-FPG

v.                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                     Defendant.

## INTRODUCTION

Plaintiff Terrance Moss brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 21. For the reasons that follow, the Commissioner's motion is DENIED, Moss's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

## BACKGROUND

In May 2010, Moss applied for SSI with the Social Security Administration (the "SSA"). Tr.[1] 122. He alleged disability since May 2010 due to a fractured femur, hip, and neck. Tr. 122, 126. Moss's claim was denied at the administrative level, but his case was remanded by stipulation on appeal to the district court. *See* Tr. 427-28.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 9.

On remand, Administrative Law Judge Maria Herrero-Jaarsma ("the ALJ") held hearings on Moss's application. Tr. 355, 369. On November 21, 2017, she issued a decision finding that Moss is not disabled. Tr. 320-31. Moss seeks review of the ALJ's decision. ECF No. 1; *see also* 20 C.F.R. § 416.1484(a) (stating that, after a remand, the ALJ's decision becomes the final decision of the Commissioner unless the Appeals Council assumes jurisdiction).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ analyzed Moss's claim for benefits under the process described above. At step one, the ALJ found that Moss has not engaged in any substantial gainful activity since the application date. Tr. 323. At step two, the ALJ found that Moss has several severe physical impairments related to his spine, neck, fingers, and legs. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 324.

Next, the ALJ determined that that Moss retains the RFC to perform light work[2] with additional limitations. Tr. 325. At step four, the ALJ found that Moss has no past relevant work. Tr. 329. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Moss can perform. Tr. 329-30. The ALJ therefore found that Moss is not disabled. Tr. 330.

## II. Analysis

Moss argues that the ALJ erred by (1) discounting the opinion of treating physician Franco Vigna, M.D.; (2) relying on the opinion of consultative examiner Hongbiao Liu, M.D.; and (3) failing to include any reaching or handling limitations in the RFC. All of these arguments reveal a more fundamental error in the ALJ's decision: her failure to explain the weight she gave to the opinion of medical expert John F. Kwock, M.D.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

Dr. Kwock testified at the hearing before the ALJ in July 2017. Tr. 369. He reviewed the medical record and offered his assessment concerning the severity of Moss's impairments and RFC. Tr. 377-81. It is evident that the ALJ found Dr. Kwock's opinion persuasive, as her RFC largely mirrors Dr. Kwock's. *Compare* Tr. 325, *with* Tr. 380-81. The problem is that the ALJ never evaluated, or even referenced, Dr. Kwock's opinion when she crafted the RFC. Tr. 325-29. This constitutes error.

Administrative law judges "may . . . ask for medical evidence from expert medical sources," but when they do, they must consider such evidence as they would any other medical opinion. 20 C.F.R. § 416.913a(b)(2). The regulations require the ALJ to evaluate "every medical opinion" by reference to several factors. *Id.* § 416.927(c)(1)-(6). The ALJ's analysis of the opinion evidence must be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (stating that remand may be appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review"); *Hissin v. Comm'r of Soc. Sec.*, No. 17-CV-1264, 2019 WL 4253899, at *3 (W.D.N.Y. Sept. 9, 2019) ("[W]hen the Commissioner does not adequately explain the rationale for a decision, the Court cannot provide meaningful judicial review." (internal quotation marks omitted)).

In this case, despite the fact that the ALJ appears to have largely adopted Dr. Kwok's opinion, the ALJ did not even mention it in crafting the RFC. This is problematic, as it leaves the Court unable to discern the rationale for some of the restrictions the ALJ included.

For example, the ALJ purported to give great weight to the opinion of consultative examiner Hongbiao Liu, M.D. Tr. 328. Dr. Liu opined that, due to Moss's impairments, Moss is mildly to moderately limited in his ability to overhead reach. Tr. 647. Moss's treating physician

5

and occupational therapist concurred in that limitation. Tr. 907, 911. Despite this evidence, the ALJ did not include an overhead reaching limitation in the RFC. Presumably, this is because Dr. Kwok did not identify such a restriction, Tr. 380-81, but the ALJ's decision contains no rationale for favoring Dr. Kwok's position over the other sources.[3]

Conversely, the ALJ included a limitation that Moss must be able to use a cane as necessary to ambulate. Tr. 325. This restriction was derived from the opinion of Moss's treating physician, Tr. 329, whose opinion was limited to the post-operative period following Moss's 2017 surgery. Tr. 913. The ALJ's reason for including this limitation for the period *before* the surgery is left unexplained, and it is inconsistent with Dr. Liu and Dr. Kwok's conclusion that Moss did not require a cane to ambulate. *See* Tr. 381, 645.

Thus, it appears that, to assemble the RFC, the ALJ credited some of Dr. Kwok's opinion, some of Dr. Liu's, and some of the treating physician's. While there is "no absolute bar to crediting only portions of medical source opinions," it is incumbent upon the ALJ to "explain why [each] opinion was not adopted." *DiFrancesco v. Comm'r of Soc. Sec.*, No. 18-CV-376, 2020 WL 467720, at *2 (W.D.N.Y. Jan. 29, 2020) ("[A]n ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions."). Here, the ALJ failed to even mention Dr. Kwok's RFC opinion, let alone articulate a permissible rationale for adopting only a portion of it.

Given that the ALJ's error prevents the Court from conducting a meaningful judicial review of the RFC, the Court cannot conclude that the error is harmless, and remand for further proceedings is warranted. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Where

---

[3] The Commissioner provides an argument for why the ALJ might have rejected the reaching limitation. *See* ECF No. 21-1 at 28-30. However, it is well-established that "[t]he Commissioner may not substitute her own rationale when the ALJ failed to provide one." *Anderson v. Berryhill*, No. 15-CV-986, 2017 WL 1074524, at *4 (W.D.N.Y. Mar. 22, 2017).

application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency reconsideration." (alterations and citations omitted)).

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 21) is DENIED and Moss's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 24, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court